UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHARLES TYLER**  DOCKET NO._____

**VERSUS**  JUDGE _____

**AMERICAN COMMERCIAL BARGE LINE, LLC**  MAGISTRATE _____

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes complainant, CHARLES TYLER, a person of the full age of majority and resident of Baton Rouge, Louisiana, and who for his complaint, respectfully represents as follows:

1.

This action arises out of the Jones Act, 46 U.S.C.A. §688, et. seq., and the Admiralty and General Maritime Law, 28 U.S.C.A. §1333, et. seq.

2.

This matter is identified as an Admiralty and Maritime claim in accordance with the provisions of Rule 9(h) of the FRCP.

3.

Made defendant herein is:

(A) **AMERICAN COMMERCIAL BARGE LINE, LLC ("ACBL")**, a foreign limited liability company authorized to do and doing business within the State of Louisiana and within the Western District of Louisiana, and whose domicile address is listed in Wilmington, Delaware, and principal place of business at 1701 E. Market Street, Jeffersonville, Indiana 47130, and which may be served through its registered agent for service of process, Stephen P. Jewell, c/o Jewell & Jewell, 143 E. Main Street, New Roads, Louisiana 70760.

4.

On or about May 28, 2019, Complainant, Charles Tyler, was employed by defendant, ACBL as a deckhand, and was permanently assigned aboard the M/V Safety Challenger, a 270' fleet tug boat, which upon information and belief, was working and located in the navigable waterways of Louisiana.

5.

Upon information and belief, Complainant, Charles Tyler, is a Jones Act seaman, as provided for in 46 U.S.C.A.§688, et. seq., as a result of his presence and employment aboard an identifiable Jones Act vessel, along with his contribution to the mission of that vessel.

6.

Upon information and belief, at all times herein, the M/V Safety Challenger, was owed and operated by defendant, ACBL.

7.

Upon information and belief, the M/V Safety Challenger was landing two barges in the fleet when the head wire came off the outside barge.

8.

Upon information and belief, Complainant, Charles Tyler, threw the lead line in an attempt to secure the escaped barge. As a result of Captain Remond Morton being unable to hold position with the barge, tension was placed on the tie line, causing the line to suddenly and unexpectedly spring violently loose, impacting complainant, Charles Tyler, in the right leg and shin area.

9.

Complainant, Charles Tyler, was injured through the negligence and/or vessel negligence and/or fault on the part of defendant, ACBL, their principals, agents, crew, servants, employees

and/or those for whom they were being responsible at the time of the accident described hereinabove, in the following non-exclusive particulars:

- A. Failure to provide complainant with a reasonably safe place to work;

- B. Negligence and inattentiveness of the crew and/or members aboard the vessel, M/V Safety Challenger, in failing to provided complainant with sufficient assistance to perform the task assigned;

- C. Negligence of the crew members and/or employees, including, but not limited to, the captain of the M/V Safety Challenger in failing to hold position, putting tension on the tie line, while complainant was in the process of holding the tie line;

- D. Negligent naviation/operation of the M/V Safety Challenger;

- E. Failing to do what they should have done, or see what they should have seen under the circumstances to avoid the accident described hereinabove;

- F. Failure to provide a sufficient crew to perform the tasks assigned; and

- G. Any and all acts of negligence, which are to be proven at the trial of this matter.

10.

Defendant, ACBL, is the Jones Act employer of complainant, Charles Tyler, a seaman, and has violated their non-delegable duty to provide complainant, Charles Tyler, with sufficient crew help to safely perform the requested task, failing to provide complainant with a safe work place, and failing to provide competent crew, pursuant to the requirements of the Jones Act, Admiralty and General Maritime law.

11.

Complainant, Charles Tyler, as a result of the May 28, 2019 accident in question, sustained serious, permanent, crippling and disabling injuries resulting in losses, which include but are not limited to, the following, to wit:

- A. Past medical expenses;

    B.    Future medical expenses;

    C.    Past lost wages;

    D.    Future loss of earning capacity;

    E.    Past and future pain and suffering;

    F.    Past and future mental and emotional anguish;

    G.    Past and future loss of enjoyment of life; and

    H.    Past and future loss of fringe benefits.

12.

As a result of the negligence and/or fault of defendant, ACBL, complainant, Charles Tyler, sustained severe, permanent and disabling mental and physical injuries, and as such, is entitled to such damages as are reasonable under the premises, plus interest from the date of judgment and costs from the date of judicial demand.

13.

Complainant, Charles Tyler, asserts his right to a bench trial pursuant to Federal Rule of Civil Procedure 9(h) as his claims arise under Jones Act and Admiralty and General Maritime Law.

**WHEREFORE**, complainant, Charles Tyler, prays that defendant, American Commercial Barge Line, LLC, be served with this Complaint and cited to Answer within the time delays allowed by law, and after due proceedings had, there be judgment rendered herein in favor of complainant, Charles Tyler, over and against defendant, American Commercial Barge Line, LLC, for monetary damages, both general and special, in the full and true sum in amounts as are reasonable under the premises, to be proven at the trial of this matter, plus the costs of these proceedings and all permissible legal interest, and for all other equitable and just relief as the law may allow.

          Respectfully submitted,

BY:    <u>s/ JASON M. WELBORN</u>
        JOSEPH F. GAAR, JR. (#16927)
        JASON M. WELBORN (#26548)
        LUCAS COLLIGAN (#31671)
        JACOB H. HARGETT (#32490)
        114 Representative Row
        Lafayette, LA 70508
        Telephone: (337) 233-3185
        Facsimile: (337) 233-0690
        **ATTORNEYS FOR CHARLES TYLER**